UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS A. HAYS, *individually and on
Behalf of all others similarly situated,*

      Plaintiff,

   v.                                  Case No.  15-cv-14025

JEFFERSON CAPITAL SYSTEMS, LLC,

      Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, Rule 81.1 of the Local Rules for the United States Local District Court, District of Massachusetts, and the provisions of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119, Stat. 4 (2005), defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), through undersigned counsel, hereby removes the above-captioned action, currently pending in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Business Litigation Section, Case No. 15-3098, to the United States District Court for the District of Massachusetts.

The Notice of Removal is based on the following grounds:

1.      On October 13, 2015, plaintiff, Nicholas Hays, filed the complaint against Jefferson Capital in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Business Litigation Section, where this case is currently pending and captioned *Nicholas Hays v. Jefferson Capital Systems, LLC*, Civil Case No. 15-3098-BLS2 (hereinafter, the "state court action").  Contemporaneous with his complaint, plaintiff filed a motion for class certification.

2.      Plaintiff served the complaint on Jefferson Capital on November 6, 2015.

3.      On December 2, 2015, plaintiff filed his first amended complaint in the state court action.[1] No further proceedings have taken place before the state court.

4.      This Notice of Removal is filed within thirty (30) days of Jefferson Capital's receipt of the complaint.

5.      The pleadings, documents, and papers filed in the state court action that have been served on Jefferson Capital are attached as <u>Exhibit A</u>.[2]

6.      In accordance with 28 U.S.C. § 1446(d), Jefferson Capital has given contemporaneous written notice of this Notice of Removal to all adverse parties and the Clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County. *See* Notice of Filing Notice of Removal, attached as <u>Exhibit B</u>.

7.      Jefferson Capital is removing this case to the United States District Court for the District of Massachusetts, the federal judicial district in which the State Court Action is pending as required by 28 U.S.C. § 1441(a).

## <u>REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. §§ 1332(D), 1453</u>

8.      This action is removable to federal court pursuant to CAFA, codified at 28 U.S.C. §§ 1332(d)(2). Specifically, this is a putative civil class action consisting of more than 100 plaintiffs, as required by 28 U.S.C. § 1332(d)(2); the citizenship of at least one plaintiff is different from that of at least one defendant, as required by 28 U.S.C. § 1332(d)(2)(A); and the

---

[1] Plaintiff's counsel advised a first amended complaint was forthcoming and the online docket for the Superior Court of the Commonwealth of Massachusetts, Suffolk County, shows the first amended complaint was filed December 2, 2015. However, as of the filing of the Notice of Removal, Jefferson Capital has not been served with the first amended complaint and it is not available electronically from the state court.
[2] Upon receipt of plaintiff's first amended complaint filed in the state court action, Jefferson Capital will file the first amended complaint with this Court.

matter in controversy, after aggregating the claims of plaintiffs, exceeds $5 million, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(6).

9.     Plaintiff's complaint asserts two counts:

Count I – Declaratory and Injunctive Relief

> Plaintiff brings Count I on behalf of himself and a class of other persons similarly situated. The proposed class consists of all Massachusetts residents against whom Jefferson Capital, within 4 years of filing this action, directly or indirectly took any of the actions set forth in complaint ¶ 4, to collect a consumer debt acquired by Jefferson Capital after default. Excluded from the proposed class are all past and present employees, agents, officers, and directors of Jefferson Capital and persons who have released Jefferson Capital from liability.

> In Count I, plaintiff seeks an order declaring Jefferson Capital's activities to be in violation of Massachusetts law, declaring all judgments obtained by Jefferson Capital against class members within 4 years of the filing of the complaint to be null and void, declaring all executions, liens, attachments, garnishments, levies, and asset seizures resulting from such judgments to be null and void; ordering Jefferson Capital to disgorge all monies obtained from or on behalf of class members; ordering Jefferson Capital to take all necessary steps, within 30 days of judgment, to have all pending lawsuits and all pending post-judgment collection activities against class members dismissed; and enjoining Jefferson Capital from attempting to collect or collecting any defaulted consumer debt in Massachusetts without a license as required by law.

Count II – Unjust Enrichment

> Plaintiff brings Count II on behalf of himself and a proposed class of other persons similarly situated. The proposed class consists of all Massachusetts residents from whom or on whose behalf Jefferson Capital received, within 3 years of the filing of the complaint, any money toward payment of a consumer debt acquired after default, including interest, costs, and attorney's fees, resulting from any of the activities set forth in the complaint ¶¶ 4 and/or 15, whether taken directly or indirectly by Jefferson Capital. Excluded from the proposed class are all past and present employees, agents, officers, and directors of Jefferson Capital and persons who have released Jefferson Capital from liability.

> In Count II, plaintiff seeks an award of damages, interest, costs, and reasonable attorneys' fees to plaintiff and class members.

Plaintiff's complaint paragraph 4 states Jefferson Capital "collected or attempted to collect, directly or indirectly, defaulted consumer debts from Massachusetts residents. . . . [and]

regularly engaged in a number of activities in the course of its debt collection efforts, *including but not necessarily limited to*" the following:

    a.  Lawsuits on the debts were filed against Massachusetts residents in Massachusetts courts, with [Jefferson Capital] named as the plaintiff in each case. On information and belief, hundreds of such lawsuits have been filed.

    b.  Court judgment in favor of [Jefferson Capital] . . . were followed by further collection efforts, such as . . . executions . . . attach[ment] . . . garnish[ment] . . . [and] supplementary process . . . . On information and belief, hundreds of such lawsuits have been filed.

    c.  Letters seeking payment and/or threatening collection were sent to Massachusetts consumers on behalf of [Jefferson Capital].

    d.  Proofs of claim were filed in bankruptcy cases filed by Massachusetts residents.

*See* Exhibit A, Complaint (emphasis added).

    10.   Upon information and belief, plaintiff's first amended complaint reasserts plaintiff's first two counts and adds a third count:

Count III:    Plaintiff brings Count III on behalf of himself and a proposed class of other persons similarly situated. The proposed class consists of all Massachusetts residents against whom Jefferson Capital, within 4 years of filing the complaint, directly or indirectly took any of the actions set forth in the first amended complaint, to collect a consumer debt acquired by Jefferson Capital after default. Excluded from the class are all past and present employees, agents, officers, and directors of Jefferson Capital and persons who have released Defendants from liability.

             In Count III, plaintiff asks the Court to order Jefferson Capital to disgorge all monies received from plaintiff and class members; award damages equal to amounts paid by plaintiff and class members for legal advice and representation in defending against Jefferson Capital's unlawful collection actives, and double or treble all amounts awarded to plaintiff and class members; declare all judgments obtained by Jefferson Capital against class members within 4 years of the filing of the compliant to be null and void; order Jefferson Capital to take all necessary steps to have all pending lawsuits and pending post-judgment collection actions against class members dismissed; enjoin Jefferson Capital from attempting to collect or collecting any defaulted consumer debt in Massachusetts without a license as required by law; and award interest, costs, and reasonable attorneys' fees.

## A.  This is a Class Action Consisting of More than 100 Plaintiffs

11.     This action was filed by one Plaintiff, alleging common questions of law and fact, on behalf of a class of plaintiffs that is in the hundreds. *See* Exhibit A, Complaint, ¶ 21 (regarding Class I, "[o]n information and belief, there are at least one hundred class members, making joinder impracticable"); ¶ 28 (regarding Class II, "[o]n information and belief, there are at least one hundred class members, making joinder impracticable").

12.     Moreover, based on Jefferson Capital's records, over 2,000 lawsuits in Massachusetts against Massachusetts residents have been filed on behalf of Jefferson Capital in the four year time period at issue in Count I.[3] *See also* Exhibit A, Complaint, ¶¶ 4, 21 (Count I includes "all Massachusetts residents against whom Defendant, within four (4) years of the filing of this complaint, directly or indirectly took any of the [following] actions [including filing collection lawsuits against Massachusetts residents].")

13.     Accordingly, based on Count I of plaintiff's complaint and first amended complaint alone, and confirmed by Jefferson Capital's records, the requirement that a class action be a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" is satisfied. *See* 28 U.S.C. § 1332(d)(1)(B).   The requirement that the number of members of all proposed plaintiff classes in the aggregate be greater than 100 is also satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

---

[3] The time period of issue in Court I of plaintiff's complaint is October 13, 2011 – October 13, 2013.

**B.  The CAFA Minimal Diversity of Citizenship Requirement is Satisfied**

14.     CAFA eliminates the requirement of complete diversity.  Rather, in actions covered by CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity," *i.e.*, the citizenship of any plaintiff differs from that of at least one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

15.     Plaintiff is a resident of Massachusetts.  *See* Exhibit A, Complaint, ¶ 1.  Based on information and belief, plaintiff is a Massachusetts citizen.

16.     Jefferson Capital is a limited liability company, organized under the laws of Georgia with its principal place of business in St. Cloud, Minnesota.  For purposes of diversity under CAFA, a limited liability company is an unincorporated association, which is deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it is organized.  *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("Limited liability companies are unincorporated entities"); *Geismann v. Aestheticare, LLC*, 2008 WL 961272, *5 (D. Kan. April 9, 2008) (noting that CAFA changes the rules governing unincorporated associations in that an LLC shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it is organized).  Thus, Jefferson Capital is a citizen of Georgia and Minnesota.

17.     Here, minimal diversity of citizenship existed at the time of the filing of the complaint and at the time of removal because plaintiff, a citizen of Massachusetts, is a citizen of a different state than Jefferson Capital, the sole defendant, a citizen of Georgia and Minnesota.

Accordingly, the CAFA minimal diversity of citizenship requirement under 28 U.S.C. § 1332(d)(2)(A) is satisfied.

### C.  The CAFA Amount in Controversy Requirement is Satisfied

18.      Under 28 U.S.C. § 1332(d) a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs.  *See* U.S.C. § 1332(d)(2). The U.S. Supreme Court recently clarified that defendants removing under CAFA "need only include a plausible allegations that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The defendant "may simply allege or assert that the jurisdictional threshold has been met" by providing "a short and plain statement of the grounds for removal." *Id.* at 553-54.  Once alleged, "the defendant's amount in controversy allegations should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553; *see also Id.* at 554 ("[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.  Discovery may be taken with regard to that question.  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." (citing H.R.Rep. No. 112–10, p. 16 (2011).

19.      Here, the aggregate amount in controversy in Count I of plaintiff's complaint and first amended complaint alone exceeds $5 million.  In Count I, plaintiff seeks declaratory and injunctive relief, including voiding all judgments obtained by Jefferson Capital in the four year time period at issue, declaring all executions, liens, attachments, levies, and asset seizures void, ordering Jefferson Capital to disgorge all monies obtained from class members "due to unlawful collection activities," and enjoining Jefferson Capital from attempting to collect or collecting any

defaulted consumer debt in Massachusetts without a debt collector license.  *See* <u>Exhibit A</u>, Complaint, ¶¶ 25(a)-(g).

20.     Within the 4 year time period at issue in Court I, Jefferson Capital's records show that collection lawsuits were filed on behalf of Jefferson Capital in Massachusetts, seeking an aggregate total of more than $7 million, exclusive of costs, attorney's fees and interest, of which more than $6 million remains outstanding.  It is well-settled that the value of the matter in controversy is measured not only by the monetary judgment which the plaintiff may recover but also by the pecuniary consequences to the defendant.  *Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S.*, 389 F.3d 1, 3 (1st Cir. 2004); *Hunt v. Wash. State Apple Advt g Comm'n*, 432 U.S. 333, 347 (1977); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy); *Henderson v. Nationstar Mortgage Co., LLC*, 2008 WL 302374, *1 (W.D. Wash. Jan. 31, 2008) (where injunctive relief is sought to prevent foreclosure, the amount in controversy is the outstanding balance due and owing on the loan).

21.     Here, in Count I, plaintiff seeks to declare any Massachusetts consumer judgments, liens, garnishments, levies, asset seizures to be null and void, the pecuniary consequence of which would plausibly wipe out more than $6 million worth of Jefferson Capital's assets.  Plaintiff further seeks to disgorge payments received from Massachusetts consumers within the applicable 4-year time period, and restrict and enjoin Jefferson Capital from further recovery on its assets without a debt collection license.  When viewed as a whole, there is a reasonable probability that the claims asserted by plaintiff yield an amount in

controversy in excess of the $5 million CAFA jurisdictional limit, as required by 28 U.S.C. § 1332(d).  *See Dart Cherokee*, 135 S. Ct. at 554.[4]

### D.  Jurisdiction is Mandatory Under CAFA, and None of the CAFA Exceptions Apply

22.     Because Jefferson Capital is not a citizen of Massachusetts, the state in which this action was originally filed, jurisdiction under CAFA is mandatory, not discretionary, because none of the exceptions in CAFA prevent this Court from exercising jurisdiction over this case. *See* 28 U.S.C. § 1332(d)(3).

23.     First, a "discretionary" exception to CAFA removal jurisdiction exists where a district court may decline to exercise jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed[.]"  *See* 28 U.S.C. § 1332(d)(3) (emphasis added).  In this case, Jefferson Capital, the sole defendant, is not a citizen of Massachusetts, so the exception does not apply.

24.     Likewise, the "local controversy" exception contained in 28 U.S.C. § 1332(d)(4)(A) does not apply here, because Jefferson Capital, the sole defendant and a citizen of

---

[4] Count I of plaintiff's complaint and first amended complaint alone places the amount in controversy over the $5 million jurisdictional threshold.  Additionally, upon information and belief, plaintiff's Count III likewise seeks damages that separately exceed $5 million. Like Count I, Count III seeks disgorgement of all monies received from plaintiff and class members during the applicable time period and voiding of all judgment, liens, levies, executions, writs, and garnishments.  Count III additionally seeks double or treble damages for all monies awarded to plaintiff and class members, unspecified damages equal to amounts paid by Plaintiff and class members for legal advice and representation in defending against Defendant's unlawful collection activities, and reasonable attorney's fees.  Those fees and costs can also be considered as part of satisfying the amount in controversy requirement.  *See Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (holding that attorney's fees may be included in "the amount-in-controversy determination . . . when a statute mandates or allows payment of the fees"). In the aggregate, the amount in controversy exceeds $5 million.

Georgia and Minnesota, is not "a citizen of the state in which the action was originally filed," Massachusetts. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

      25.     Neither does the "home state" exception apply in this case because, again, Jefferson Capital, the sole defendant and a citizen of Georgia and Minnesota, is not a citizen "of the State in which the action was originally filed," Massachusetts. 28 U.S.C. § 1332(d)(4)(B).

      26.     Finally, the CAFA prohibition on removal jurisdiction where "the primary defendants are States, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" does not apply in this case because Jefferson Capital, the sole defendant, is not a state, a state official, or a governmental entity. *See* 28 U.S.C. § 1332(d)(5).

      WHEREFORE, defendant, Jefferson Capital Systems, LLC, hereby removes this case from the Suffolk County, Massachusetts Superior Court to the United States District Court for the District of Massachusetts.

                                  */s/ Jennifer L. Markowski*
                                  Jennifer L. Markowski, Esq. BBO # 655927
                                  PEABODY & ARNOLD LLP
                                  Federal Reserve Plaza
                                  600 Atlantic Avenue, 6th Floor
                                  Boston, MA 02210
                                  (617) 951-2100
                                  jmarkowski@peabodyarnold.com

Dated: December 7, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on December 7, 2015.

/s/ Jennifer L. Markowski__
Jennifer L. Markowski, *Esq.*

858447_1
15633-200055