# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. *15-3098-BLS2*

*Nicholas A. Hays* , Plaintiff(s)

v.

*Jefferson Capital Systems LLC* , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon *Kenneth D. Quat*

plaintiff's attorney, whose address is *929 Worcester Rd, Framingham MA 01701* , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the *6th* day of
*November* , in the year of our Lord two thousand *2015* .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:

Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M – 1/15

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _15-3098-BLS2_

_Nicholas A. Hays_ , Plaintiff(s)

v.

_Jefferson Capital Systems LLC_ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Kenneth D. Quat_

plaintiff's attorney, whose address is _929 Worcester Rd. Framingham MA 01701_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the _6th_ day of _November_, in the year of our Lord two thousand _2015_ .

_Michael Joseph Donovan_

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1  12M – 1/15

**COMMONWEALTH OF MASSACHUSETTS**

Suffolk, ss.                                        Superior Court
                                                   Civil No. *15-3098-B252*

| | |
|---|---|
| NICHOLAS A. HAYS, | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JEFFERSON CAPITAL SYSTEMS, LLC,) | |
| **Defendant** | ) |

## COMPLAINT AND JURY CLAIM

### Introductory Statement

Defendant Jefferson Capital Systems, LLC is engaged in the business of collecting consumer debts in Massachusetts.  The debts which are the subject of Defendant's collection activities are primarily credit card accounts which it purchases after default for pennies on the dollar.  Under Massachusetts law, and by its own admission, Defendant is a "debt collector" and therefore must obtain a license from the Commissioner of Banks ("Commissioner") before undertaking collection activity against Massachusetts consumers.  However, for years Defendant has operated as a debt collector in Massachusetts without a license, subjecting Massachusetts residents to unlawful collection activity and unlawfully obtaining substantial sums of money from them.  Defendant's conduct has not only violated the rights of Massachusetts consumers, but was also criminal in nature.  Plaintiff brings this action seeking disgorgement of monies unlawfully obtained by Defendant, damages, and declaratory and injunctive relief.

1

**Parties**

1.   Plaintiff Nicholas A. Hays is an individual who at times relevant to this complaint has resided in Watertown, Middlesex County Massachusetts.

2.   Defendant Jefferson Capital Systems, LLC is a limited liability company organized under the laws of the State of Georgia and maintaining a principal place of business in St. Cloud, Minnesota.  Defendant conducts business as a debt collector throughout the Commonwealth of Massachusetts.

**Facts Relating to Defendant's Business Practices, and Relevant Principles of Law**

3. "Consumer debts" are monetary obligations incurred primarily for personal, family, or household purposes.  G.L. c. 93, §24; 209 CMR 18.02.

4. During times relevant to this complaint Defendant collected and attempted to collect, directly or indirectly, defaulted consumer debts from Massachusetts residents.  The debts which are the subject of Defendant's collection efforts consist primarily of credit card accounts which Defendant purchases in bulk for pennies on the dollar.  Defendant has regularly engaged in a number of activities in the course of its debt collection efforts, including but not necessarily limited to the following:

   (a)  Lawsuits on the debts were filed against Massachusetts residents in Massachusetts courts, with Defendant named as the plaintiff in each case.   On information and belief, hundreds of such lawsuits have been filed.

   (b)  Court judgments in favor of Defendant (usually resulting from the consumer's default) were followed by further collection efforts, such as recording executions against consumers' homes, filing motions to attach consumers' bank accounts and to garnish consumers' wages, and filing "supplementary process" complaints against consumers in

2

Massachusetts district courts.  On information and belief, hundreds of such actions have been taken against Massachusetts consumers in Defendant's name.

(c)  Letters seeking payment and/or threatening collection action were sent to Massachusetts consumers by or on behalf of Defendant.

(d)  Proofs of claim were filed in bankruptcy cases filed by Massachusetts residents.

5.  Under Massachusetts law, a "debt collector" is defined first as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt."  G.L c. 93, §24.  Defendant has used and continues to use the mails, telephone lines, the electrical grid, wireless communication systems, and other instrumentalities of interstate commerce to evaluate and purchase defaulted debts for purposes of collection, to attempt to collect and to collect debts, and to engage persons and entities to assist in collecting debts for Defendant, and Defendant's collection of the debts constitutes its principal (if not only) source of income.  If Defendant sells or assigns any purchased debts, Plaintiff alleges on information and belief that this only occurs after Defendant has determined that collection efforts are not economically viable.  Indeed, in its registration application as a foreign limited liability company filed with the Secretary of the Commonwealth and in its annual reports filed with the Secretary, Defendant describes the "general character of its business" as "debt collection."  Accordingly, Defendant is a "debt collector" under Massachusetts law.

6.  Under Massachusetts law, a "debt collector" is also defined as a person "who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another."  G.L c. 93, §24.  The statute further provides that a "debt

3

collector" does not include "a person collecting or attempting to collect a debt owed or

due or asserted to be owed or due another to the extent the activity . . . . concerns a debt

which was not in default at the time it was obtained by the person.  G.L. c. 93, §24

(emphasis supplied).  In an "Industry Letter" issued June 16, 2006, the Commissioner

decreed that entities which seek to collect consumer debts acquired after default – such as

Defendant - are "debt collectors" under this prong of the definition.  See Gomes v.

Midland Funding, LLC., 2012 WL 7801376 (Mass. Super. Sept. 19, 2012).  The

Commissioner's position is consistent with rulings of the Federal Trade Commission and

a number of federal courts in construing the identical definition of "debt collector" under

the FDCPA.  See, e.g., Ruth v. Triumph Partnerships, 577 F.3d 790. 797 (7th Cir. 2009);

FTC v. Check Investors, Inc., 502 F.3d 159, 173-174 (3rd Cir. 2007).

7.     The Massachusetts licensing statute provides important protections for

Massachusetts consumers.  Before it may operate as a "debt collector," an applicant and

its officers and directors must demonstrate to the Commissioner's satisfaction that their

"financial responsibility, character, reputation, integrity and general fitness . . . are such

as to command the confidence of the public and to warrant the belief that the business . . .

will be operated lawfully, honestly and fairly."  G.L. c. 93, §24B(a).  Thus, for example,

the Commissioner may deny a license if the applicant does not have a positive net worth;

has violated any state or federal law governing debt collection practices; has defaulted on

a debt; has committed any dishonest or deceptive act bearing on the applicant's fitness to

function as a debt collector; or has an adverse credit history.  209 CMR 18.04(2)(a); 209

CMR 18.042)(a)– (f).  Debt collection licenses are issued for one-year terms (G.L. c. 93,

§24B(b)), and upon request a licensee must disclose such books and records as to enable

the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts. G.L. c. 93, §24D.

8. A failure to comply with the Massachusetts licensing statute constitutes a *per se* violation of G.L. c. 93A, §2. G.L. c. 93, §28. Such failure also constitutes a criminal offense. *Id.*

9. At no time relevant to this complaint was Defendant licensed as a debt collector in Massachusetts. Therefore, all of the collection activity directed at Massachusetts consumers as set forth in paragraph 4, above, violated G.L. c. 93, §§24-28 and G.L. c. 93A, §2. In addition, all such collection activity violated 209 CMR 18.16, which prohibits "the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt," and 209 CMR 18.16(5), which prohibits "the threat to take any action that cannot legally be taken." A violation of any of the Commissioner's regulations constitutes a per se violation of G.L. c. 93A, §2. 209 CMR 18.22. Finally, all actions taken by Defendant in violation of the licensing statute were criminal in nature:

> Whoever fails to comply with any provisions of this section or sections twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both.

G.L. c. 93, §28. Thus, all judgments obtained by Defendant which are based on defaulted consumer debts are null and void. *See Finch v. LVNV Funding LLC.*, 212 Md. App. 748, 761, 71 A.3d 193, 200 (Md. Court Sp. Appeal 2013).

10. A large number of Massachusetts consumers against whom Defendant threatened or took collection action paid money to Defendant. In addition, many of these consumers

paid money to attorneys for legal representation in defending against Defendant's actions.

11.    At present Defendant continues to engage in unlicensed debt collection activity against Massachusetts consumers, causing them financial loss and other harm. Massachusetts consumers have been injured and will continue to be injured by Defendant's unlawful conduct unless this Court issues appropriate relief.

## Facts Relating to Plaintiff

12.    Defendant, through counsel, sent Plaintiff one or more letters seeking to collect an alleged defaulted consumer debt which originated as an "Aspire" credit card account. Defendant then filed suit against Plaintiff in the Cambridge District Court, Small Claims Department.

13.    Plaintiff retained counsel to represent him in the Cambridge District Court collection action, and incurred legal fees as a result.  Counsel filed an answer to Defendant's claim on behalf of Plaintiff.  Defendant voluntarily dismissed its collection suit prior to the date of the scheduled small claims hearing.

14.    At the time the above-referenced collection letters were sent and at the time the above lawsuit was filed, Defendant was a "debt collector" under both prongs of the definition set forth in G.L  c. 93, §24.

15.    At the time the above-referenced collection letters were sent and at the time the lawsuit was filed, and continuing through the present, Defendant was not licensed as a "debt collector" by the Commonwealth of Massachusetts.

## COUNT I: Declaratory and Injunctive Relief

16.    The allegations of paragraphs 1 - 15 are incorporated herein by reference as if fully set forth.

17.   At all times relevant to this complaint Defendant was required to be licensed by the Massachusetts Division of Banks as a debt collector, but Defendant was never so licensed.

18.   All actions taken by Defendant against Massachusetts residents, directly or indirectly, in attempting to collect and iln collecting consumer debts acquired after default, including but not limited to the actions set forth in paragraph 4, above, were unlawful.  Moreover, each lawsuit filed against a Massachusetts consumer constituted a criminal act and a fraud on the court, hence each judgment awarded to Defendant is null and void.

19.   Defendant's conduct caused harm to Massachusetts consumers by, *inter alia*, subjecting them to unlawful collection actions and by unlawfully obtaining monies from them.

20.   There is a controversy between the parties regarding the legality of Defendant's debt collection practices and the validity of court judgments obtained by Defendant.

### Class Allegations

21.   Plaintiff brings Count I on behalf of himself and a class of other persons similarly situated.  The class consists of all Massachusetts residents against whom Defendant, within four (4) years of the filing of this action, directly or indirectly took any of the actions set forth in paragraph 4, above, to collect a consumer debt acquired by Defendant after default   Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability.  On information and belief, there are at least one hundred class members, making joinder impracticable.

22.   There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common

7

issues are: (a) whether Defendant was required to be licensed as a "debt collector" in

Massachusetts; (b) whether Defendant's unlicensed collection actions violated

Massachusetts law; (c) whether judgments obtained by Defendant in violation of the

Massachusetts licensing statute are void; and (d) whether Defendant's ill-gotten gains

from its unlicensed collection actions are subject to disgorgement.  The only individual

questions involve the specific amounts of money to be awarded to each class member,

which can be addressed and resolved through a ministerial review of relevant records.

23.   Plaintiff's claim is typical of the claims of class members. All claims are

based on the same legal theory, and all arise from the same course of conduct.

24.   Plaintiff will fairly and adequately protect the interests of all class members.

Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar

with the legal and factual issues involved, and has retained counsel experienced in the

litigation of consumer rights cases, including consumer class actions.  Neither Plaintiff

nor counsel have any interest or conflict that might cause them to not vigorously pursue

this action.

25.   A class action is superior to other available methods for the fair and efficient adjudication

of this controversy, since: (a) the financial losses suffered by a substantial number of

class members are such that it would be economically unfeasible for them to individually

litigate their claims; (b) the factual and legal issues common to all class members far

outweigh any individual questions; (c) the prosecution of separate lawsuits by individual

class members would entail the risk of inconsistent and conflicting adjudications; and (d)

there will be no unusual or extraordinary management difficulties in administering this

case as a class action.

WHEREFORE, Plaintiff prays that this Court enter judgment:

(a)  declaring Defendant's unlicensed debt collection activities directed against Plaintiff

and the class to be in violation of Massachusetts law;

(b)  declaring all judgments obtained by Defendant against class members within four

(4) years of the filing of this action to be null and void;

(c)  declaring all executions, liens, attachments, garnishments, levies, and

asset seizures resulting from said judgments to be null and void;

(d)  ordering Defendant to disgorge all monies obtained from or on behalf of class

members due to its unlawful collection activities;

(e)  ordering Defendant to take all necessary steps, within thirty (30) days of judgment,

to have all pending lawsuits and all pending post-judgment collection actions

against class members dismissed;

(f)  enjoining Defendant from attempting to collect or collecting any defaulted

consumer debt in Massachusetts without a license as required by law;

(g)  ordering such further relief as shall be just and proper.

## COUNT II: Unjust Enrichment

26.     The allegations of paragraphs 1 – 25 are incorporated herein by reference as if
fully set forth.

27.     Defendant has been unjustly enriched by obtaining monies from Massachusetts
consumers as a result of one or more of the unlawful debt collection activities described
in paragraph 4, above.

## Class Allegations

28.     Plaintiff brings Count III on behalf of himself and a class of other persons similarly

situated.  The class consists of all Massachusetts residents from whom or on whose behalf Defendant received, within three (3) years of the filing of this action, any money toward payment of a consumer debt acquired after default (including interest, costs, and attorney's fees) resulting from any of the activities set forth in paragraph 4 and/or 15 above, whether taken directly or indirectly by Defendant.  Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability.  On information and belief, there are at least one hundred class members, making joinder impracticable.

29.   There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are whether Defendant's unlawful collection actions as set forth in paragraphs 4 and/or 15 violated Massachusetts law.  The only individual questions involve the specific amounts of money to be awarded to each class member, which can be addressed and resolved through a ministerial review of relevant records.

30.    Plaintiff's claims are typical of the claims of class members.  All claims are based on the same legal theory, and all arise from the same course of conduct.

31.   Plaintiff will fairly and adequately protect the interests of all class members.  Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions.  Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

32.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the financial losses suffered by a substantial

number of class members are such that it would be economically unfeasible for them to individually litigate their claims; (b) the factual and legal issues common to all class members far outweigh any individual questions; (c) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

WHEREFORE, Plaintiff prays that this Court enter judgment:

(a)  awarding damages to Plaintiff and class members;

(b) awarding interest, costs, and reasonable attorney's fees;

(c) ordering such further relief as shall be just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Plaintiff, by his attorneys:

Kenneth D. Quat
BBO#408640
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com

Josef C. Culik
BBO#672665
CULIK LAW, P.C.
18 Commerce Way, Suite 2850
Woburn MA 01801
617-830-1795
jculik@culiklaw.com

## COMMONWEALTH OF MASSACHUSETTS

**Suffolk, ss.**                                        Superior Court
                                                       Civil No.  15-3098-BLS2


| | |
|---|---|
| **NICHOLAS A. HAYS,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **JEFFERSON CAPITAL SYSTEMS, LLC,** | ) |
| **Defendant** | ) |


### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Nicholas A. Hays commenced this action seeking relief on behalf of himself and all others similarly situated due to Defendant's collection and attempted collection of consumer debts in Massachusetts without being licensed as a debt collector pursuant to G.L. c. 93, §24A.

Plaintiff moves that this Honorable Court certify the classes defined in the Complaint pursuant to Mass. R. Civ. P. 23 or such other classes or subclasses as may be appropriate.  However, for the reasons set forth below, Plaintiff also requests that the Court defer briefing and ruling on the motion until the parties have had an adequate opportunity to conduct discovery into matters bearing on the appropriateness of class certification.  Deferral is further warranted because Plaintiff anticipates amending the Complaint to include claims under G.L. c. 93A.

## ARGUMENT

### Preliminary Statement: The Possibility of a "Pick-Off"

No Massachusetts appellate court has yet opined on the issue of whether a

defendant can essentially terminate a class action by "picking off" the named plaintiff,

i.e., tendering a settlement offer for full individual relief.   The trial court decision which

appears to be most closely on point was rendered by Chief Justice Gants in *Meaney v.*

*OneBeacon Insurance Group, LLC*, 2007 WL 5112809 (Mass. Super. Ct. June 12, 2007).

There, a class of persons who had prevailed against an insurer in arbitration sought to

recover unpaid post-arbitration interest.  The Court rejected the proposition that a

settlement offer made to the individual plaintiff mooted class members' claims,

explaining:

> Safety [the insurer] may not avoid a class action simply by paying
> the amount due to the named plaintiff. The plaintiffs in their complaint
> have raised a significant legal claim which is entitled to resolution. . . .
> Safety cannot evade resolution of this legal question, involving small
> amounts of money for each individual insured but larger amounts of
> money for the putative class ... simply by paying interest to the named
> plaintiff, since the plaintiff seeks to act on behalf of the class of insureds
> similarly situated.  Rather, Safety can evade resolution of this issue only
> if Safety were to commit to paying interest to all its insureds . . . .

*Id.,* at *2.

In the federal courts, it has been noted that "[t]he circuits are split on whether a

defendant may 'pick off' the named plaintiffs in a class action. The split is most clearly

exemplified in cases where courts have compelled acceptance of a settlement offer under

Federal Rule of Civil Procedure 68." *Hermida v. Archstone,* 950 F.Supp.2d 298, 309, n.

1 (D. Mass. 2013).  Thus, the Third,[1] Fifth,[2] Ninth,[3] and Tenth[4] Circuit Courts of Appeals

---

[1] *Weiss v. Regal Collections*, 385 F.3d 337, 347–48 (3d Cir.2004)

have held that rejection of a Rule 68 offer made to a putative class representative does not

moot class claims, while the Second,[5] Third,[6] and Sixth[7] Circuits have held to the

contrary. The Seventh Circuit has adopted a middle ground, concluding that a settlement

offer can moot the claim of a putative class representative only if it is made prior to the

filing of a motion for class certification. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th

Cir. 2011). Recognizing the dilemma faced by class action plaintiffs, the *Damasco* court

suggested that such plaintiffs "move to certify the class at the same time that they file

their complaint. The pendency of that motion protects a putative class from attempts to

buy off the named plaintiffs." *Id.* However, also recognizing that class certification

motions are often not ripe for adjudication at the early stages of a case, the Court further

suggested that class action plaintiffs "also ask the district court to delay its ruling to

provide time for additional discovery or investigation." *Id.*[8]

    In view of the facts that there is no binding Massachusetts precedent and that the

Seventh Circuit's approach could ultimately be adopted by the Supreme Judicial Court,

Plaintiff files this motion out of an abundance of caution in order to safeguard the

---

[2] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir.2008)

[3] *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir.2011)

[4] *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir.2011)

[5] *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir.1983)

[6] *Weiss v. Regal Collections*, 385 F.3d 337, 347–48 (3d Cir.2004)

[7] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 572 (6th Cir.2009)

[8] The issue in the federal courts is further muddied by the Supreme Court's decision in *Genesis Healthcare v. Symczyk*, 133 S. Ct. 1523 (2013). The Court did not reach the precise issue of whether defendant's Rule 68 offer mooted a putative class representative's claim, because the plaintiff conceded that it did, but then held that since the plaintiff's individual claim was mooted, the case must be dismissed without consideration of the fact that it was brought as a class action. *Id.* at 1529. However, the Court currently has under consideration the case of *Campbell-Weald Company v. Gomez*, which may resolve the split amongst the federal courts.

interests of the putative class members as defined in the complaint. As shown below, it is

apparent from the information already known that this case will be determined to be

suitable for class treatment. However, because the case is still in its infancy, Plaintiff

asks that the Court defer its ruling on the instant motion and establish an appropriate

schedule for discovery and briefing on class certification issues.

## I.    CLASS ACTIONS ARE FAVORED IN MASSACHUSETTS.

The class action is a procedural device whose purpose is "the avoidance of

unnecessary duplicative litigation, saving both court and litigant time." *Bouchard v. Sec.

of Health & Human Services,* 1982 WL 594675*5 (D. Mass. Jan. 11, 1982).  Thus,

Massachusetts courts have expressed a preference for the maintenance of class actions

where appropriate.  *See,* e.g., *Weld v. Glaxo Wellcome, Inc.*, 434 Mass. 81, 93

(2001)(public policies of judicial efficiency and access to the courts "underlie the

consumer class action suit," which "aggregates numerous small claims into one action,

whose likely range of recovery would preclude any individual plaintiff from having his or

her day in court"); *Leardi v. Brown*, 394 Mass. 151, 164 (1985)(noting the importance of

the class action as "a device for vindicating claims which taken individually, are too

small to justify legal action but which are of significant size if taken as a group")(internal

quotation and citations omitted).  Thus, although a judge has "broad discretion" in

deciding a motion for class certification (*Brophy v. School Committee of Worcester*, 6

Mass. App. 731, 735 (1978)), this discretion "is not without limits; it must be exercised in

accord with the purposes sought to be achieved by class actions." *Sniffen v. Prudential

Ins. Co. of America*, 11 Mass. App. Ct. 714, 723 (1981).  As a result, any doubts should

be resolved "in favor and not against maintenance of the class action." *Payne v.*

*Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 25 (D. Mass. 2003)(internal quotation omitted).

In determining whether to certify a class, the merits of the case are not examined and the substantive allegations of the complaint should be taken as true. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). *See Weld*, 434 Mass. at 87 n.8. The only proper inquiry is whether, assuming Plaintiff's allegations to be true, the claims are suitable for treatment as a class action. *Blackie v. Barrack*, 524 F. 2d 891, 901, n. 16 (9th Cir. 1975). Thus, certification is proper so long as the Court is presented with information "sufficient to enable the motion judge to form a reasonable judgment that the class meets the requirements." *Weld.*, at 87. Accordingly, "neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule." *Id.* (citation and internal quotation omitted).

As the following discussion makes clear, the proposed classes meet all of the requirements for certification and Plaintiff's motion should therefore be allowed.

## II.   THE PROPOSED CLASSES SATSIFY ALL CRITERIA FOR CERTIFICATION.

### A.   The proposed class definitions

For purposes of this motion, the declaratory judgment class is defined as follows:

> [A]ll Massachusetts residents against whom Defendant, within four (4) years of the filing of this action, directly or indirectly took any of the actions set forth in paragraph 4 of the Complaint to collect a consumer debt acquired by Defendant after default  Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability.

*See* Complaint, ¶21. The proposed definition of the unjust enrichment class is:

> all Massachusetts residents from whom or on whose behalf
> Defendant received, within three (3) years of the filing of this
> action, any money toward payment of a consumer debt acquired
> after default (including interest, costs, and attorney's fees) resulting
> from any of the activities set forth in paragraph 4 of the Complaint,
> whether taken directly or indirectly by Defendant. Excluded from
> the class are all past and present employees, agents, officers, and
> directors of Defendant, and persons who have released Defendant
> from liability.

*See* Complaint, ¶28. The time frame for each class is properly limited by the applicable

statute of limitations, and class members are ascertainable from Defendant's own records;

hence, the classes are amenable to certification.[9]

## B.    The proposed classes satisfy the numerosity requirement.

Under Mass. R. Civ. P. 23(a), a class must be "so numerous that joinder of all

members is impracticable." As used in this Rule, "the word impracticable has been

interpreted to mean impractical, unwise or imprudent rather than impossible or incapable

of being performed." *Brophy v. School Committee of Worcester*, 6 Mass. App. Ct. at 735.

*See Duhaime v. John Hancock Mutual Life Ins. Co.*, 177 F.R.D. 54, 62 (D. Mass.

1997)(plaintiffs "need only show that it is difficult or inconvenient to join all the

members of the class").

Here, Plaintiff has alleged that there are at least 100 members in each class.

Complaint, ¶¶21, 28.[10] This is more than sufficient to satisfy the numerosity

---

[9]Certain courts take the position that the ascertainability of class members is an "implicit" requirement of Rule 23, i.e., it must be administratively feasible to determine whether a particular individual is a class member. *See,* e.g., *Dononvan v. Philip Morris USA, Inc.,* 268 F.R.D. 1, 9 (D.Mass.2010). To the extent this Court believes this is a prudent or necessary criterion for certification, it has been satisfied here since all class members who were subjected to collection activity by Defendant during the relevant time periods are identifiable from Defendant's own records, as well as court records.

[10] The actual class sizes are expected to be well over 100, likely in the thousands, given Defendant's prolific collection activities in Massachusetts.

requirement. As the leading class action authority has stated, a class consisting of 40 members "should meet the [numerosity] test on that fact alone." 3 *Newberg on Class Actions (3rd ed.)*, p. 3-25. *See*, also, *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969)(10-29 class members sufficiently numerous); *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986)(certifying class of 20 members).

### C. There are common questions of law and fact.

Under Rule 23(a), certification is only proper if "there are questions of law or fact common to the class." To satisfy this element, Plaintiff need only demonstrate that "resolution of the common questions affect all or a substantial number of class members." *Duhaime*, 177 F.R.D. at 62 (citation and internal quotations omitted). Thus, the commonality requirement "is a 'low hurdle' easily surmounted." *Id.* at 63, quoting *Jenkins v. Raymark Indus.*, 782 F.2d 468, 472 (5th Cir. 1986). As this Court has declared: "The plaintiffs need not show that the interest of each member of the class is identical to the others in all respects, [only] that they arise out of a common relationship to a definite wrong." *Salvas v. Wal-Mart Stores, Inc.*, 2004 WL 3218424, at *3 (Mass. Super. Ct. Dec. 30, 2004). In the present case there are myriad common issues of law and fact which demonstrate that class treatment is appropriate under Rule 23, including but not limited to:

(i)     whether Defendant was required to be licensed as "debt collector" in Massachusetts;

(ii)     whether Defendant's unlicensed debt collection activities violated Massachusetts law;

(iii)     whether judgments in collection suits obtained by Defendant are void;

(iv)    whether Defendant's gains from unlicensed collection activities should be disgorged;

(v)    whether declaratory and/or injunctive relief are warranted to address Defendant's unlicensed collection activities.

Moreover, where – as here – the predominant issues are legal in nature, class certification is particularly appropriate. *Ramos,* 374 Mass. at 179-180.   Finally, there is but a single issue which differentiates class members in any respect, namely, the amount of damages to which each class member is entitled.   However, this is not a good reason for denying certification. *See Weld,* 434 Mass. at 92 (necessity of individualized damages inquiries "does not preclude class certification where all other requirements are met.").

**D.**    **Plaintiff's claims are typical.**

To satisfy the typicality requirement of Rule 23(a), Plaintiff must demonstrate "a sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class." *Weld,* 434 Mass. at 87.   Thus, "[a] plaintiff representative normally satisfies the typicality requirement with an allegation that the defendant acted consistently toward [the representative] and the members of the putative class." *Id.   See Adair v. Sorenson,* 134 F.R.D.13, 17 (D. Mass. 1991)(claims typical "when the plaintiff's injuries arise from the same event, practice or course of conduct of the defendant as do the injuries which form the basis of the class claim").   Typicality does not require that the claims of plaintiff and class members be identical; rather, a claim is considered typical when the nature of the claim, judged from both a factual and a legal perspective, is such that in litigating it the plaintiff can reasonably be expected to also advance the interests of absent class members. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156-157 (1982).

In the present case, the claims of the Plaintiff and all class members arise from the same allegedly unlawful business practices of Defendant, and Plaintiff and class members all seek similar relief.  Accordingly, Plaintiff's claim is typical of those of class members.

### E.   **Plaintiff will adequately and fairly represent class members.**

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class."  Simply stated, this means that "[a] class representative has the responsibility to protect the interests of all class members, and counsel for a class has a continuing obligation to each class member." *Reynolds v. City Express, Inc.,* 2014 WL 1758301 *13 (Mass. Super. Jan. 8, 2014).   This element entails consideration of two factors: (i) whether any conflicts exist between the plaintiff and the putative class, and (ii) whether plaintiff's attorney is sufficiently qualified to serve as class counsel. *See Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir. 1985).   The adequacy requirement is met if the Court is satisfied that the attorney, together with the named plaintiff, will act diligently on behalf of the class. *Duhaime,* 177 F.R.D. at 64.

As explained above, Plaintiff's claims and the claims of absent class members arise from the same business practice of Defendant, and proof of Plaintiff's claims will establish Defendant's liability to the class; thus, there are no actual or potential conflicts between Plaintiff and the other class members.  And, Plaintiff's attorneys have substantial experience in consumer and class action litigation and have been appointed by this Court and others as class counsel in a number of cases, including cases alleging unlawful debt collection practices and violations of G.L. c. 93A.[11]

Accordingly, the adequacy requirement is satisfied.

---

[11] *See,* e.g., *Feuerstein v. Zwicker & Associates, P.C.,* Civil Action 04-11593 (D. Mass. Oct. 29, 2007); *Smith v. J.A. Cambece Law Office, P.c.,* Civil Action No. 07-40144 (D. Mass. June 16, 2009); *Garbee v. Cataldo Ambulance Service, Inc.,* Civil Action No. 09-2679 (Mass. Super. Aug. 1, 2012).

## F. The requirements of Rule 23(b) are satisfied.

Under Mass.. R. Civ. P. 23(b), case may be certified as a class action if the four

elements of Rule 23(a) are satisfied, and in addition:

> the Court finds that the questions of law or fact common to the
> members of the class predominate over any questions affecting
> only individual members, and that a class action is superior to
> other available methods for the fair and efficient adjudication of
> the controversy.

### (1) Predominance of common issues

The predominance requirement entails "'a comparison between the common and

individual questions involved' in order to reach a determination as to whether the

common questions outweigh the individual." *Sandoval v. M.J.F. Bowery Corp.,* 2011

WL 5517330*4 (Mass. Super. July 22, 2011), quoting *Salvas v. Wal–Mart Stores,*

*Inc.,* 452 Mass. 337, 363 (2008).   As has been recognized, "the inquiry does not require

that common questions dispose of the entire litigation;" rather, "the question is whether

the individual questions so inundate the common issues that a class action is no longer

desideratum—or even useful." *Id.* (citations and internal quotations omitted).   Thus, the

predominance requirement is "readily met" in consumer cases involving a uniform

business practice. *Duhaime,* 177 F.R.D. 54, 64 (D. Mass. 1997).   Indeed, unfair debt

collection claims are particularly well-suited for class treatment. *See Weiss v. Regal*

*Collections*, 385 F.3d 337, 345 (3d Cir. 2004)( "[r]epresentative actions … appear to be

fundamental to the statutory structure of the FDCPA").   Here, predominance clearly

exists because the merits of the claims, the circumstances giving rise to the claims, and

the method of proving damages are all identical.

**(2) Superiority**

It is axiomatic that "[a] class action is the superior method of adjudication if it maximizes judicial efficiency and grants court access to those plaintiffs who individually would be unable to litigate their claims." *Hiller v. DaimlerChrysler Corp.*, 2007 WL 3260199 *3 (Mass. Super. Sept. 25, 2007). *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985)(class action "permit[s] the plaintiffs to pool claims which would be uneconomical to litigate individually"); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997)("[t]he policy of the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights").   Here, a class action is clearly the superior method of resolving the controversy because: (a) it will conserve judicial resources and the resources of litigants; (b) it will eliminate the possibility of conflicting rulings arising from multiple lawsuits; and (c) it will provide access to the courts for class members who, because their claims have relatively low value, would not otherwise be likely to seek relief.  Moreover, there are no extraordinary management difficulties which would render this action unsuitable for class action treatment.

**<u>Conclusion</u>**

For the above reasons, Plaintiff respectfully requests that this Honorable Court: (i) enter and continue this motion until the parties have had sufficient time to conduct fact and class discovery, all amendments to the pleadings have been completed, and the parties have had an opportunity to fully brief all relevant issues, and then (ii) allow this motion.

Plaintiff, by his attorneys:

_____
Kenneth D. Quat
BBO#408640
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com


_____
Josef C. Culik
BBO#672665
CULIK LAW, P.C.
18 Commerce Way, Suite 2850
Woburn MA 01801
617-830-1795
jculik@culiklaw.com

12

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: **SUCV2015-03098-BLS1**

Case:  Hays v. Jefferson Capital Systems, LLC

Notice sent
10/14/2015
K. D. Q.
Q. LAW ODFFS.

(sc)

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "BLS1" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process with in the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Pilot Project on Discovery (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for description of the Project).  Counsel may indicate their respective client's participation by completing, filing and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Pilot Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: _____10/14/15_____

_____
Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: _____

Case: _____


As you may know, the Business Litigation Session began implementing a Discovery Pilot Project in January, 2010. This pilot project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the pilot project with the Court at the initial case management conference.  For a detailed copy of the BLS Pilot Project, counsel are directed to the Trial Court home page at: http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

☐    **Yes,**_____ is willing to participate in the Discovery Pilot Project.
        (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____        Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| | | |
|---|---|---|
| Helen Foley, Asst. Clerk | **OR** | Richard V. Muscato, Jr., Asst. Clerk |
| BLS1, Room 1309 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |