UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14025-GAO

NICHOLAS A. HAYS,
Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,
Defendant.

OPINION AND ORDER
February 2, 2017

O'TOOLE, D.J.

The plaintiff, Nicholas A. Hays, originally filed this action in Suffolk Superior Court on behalf of himself and a purported class of similarly situated individuals. The defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), removed the action to this Court. The central allegation of the Amended Complaint is that the defendant has been engaged in debt collection practices without a license, in violation of Massachusetts law.

This case concerns the plaintiff's Aspire Visa credit card account which he opened in 2005 with Columbus Bank & Trust Company ("CB&T"). Atlanticus Services Corporation ("Atlanticus") was responsible for servicing and maintaining records for that account. In 2009, CB&T assigned all right, title, and interest in the plaintiff's credit card account to Atlanticus. In 2010, the plaintiff's card was charged off with an outstanding unpaid balance. Thereafter, in 2011, Atlanticus assigned all right, title, and interest in the plaintiff's account to Jefferson Capital. Jefferson Capital placed the account with a law firm that began sending collection letters to the plaintiff, which eventually led to a small claims court action. That action was later voluntarily dismissed. Subsequently, the plaintiff brought this action.

Presently before the Court is the defendant's motion to compel arbitration (dkt. no. 49) and the plaintiff's motions to strike portions of the materials the defendant submitted in support of its motion (dkt. nos. 53, 65). When assessing the existence or validity of an agreement to arbitrate, courts "should apply ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

The plaintiff argues that Jefferson Capital has not shown that there is a valid agreement to arbitrate binding the parties. For support, the plaintiff looks to the Eleventh Circuit's decision in Bazemore v. Jefferson Capital Systems, LLC, 827 F.3d 1325 (11th Cir. 2016). In Bazemore, the evidence of the existence of an arbitration agreement was thin, leading the court to affirm the denial of the motion to compel arbitration. Id. at 1331–32, 34. The defendant here, by contrast, submitted two declarations from Atlanticus employee Gregory Ryan with attached exhibits evidencing the existence of an agreement to arbitrate. The Ryan declarations state that in 2005 Atlanticus mailed a credit card to the plaintiff after the plaintiff's credit card application was approved. A "Welcome Kit," which included a cardholder agreement containing an arbitration provision, was enclosed in that mailing in accordance with CB&T's routine business practice, and business records explicitly tie the document identifier on the front of the cardholder agreement to the plaintiff's credit card account. The paper trail further shows that the plaintiff activated and used his card, manifesting his receipt of the agreement and his assent to its arbitration term.[1] This uncontroverted evidence is enough to distinguish this case from Bazemore.

---

[1] As CB&T's assignee, Jefferson Capital can rely on the original creditor's business records and normal course of business to prove these facts. See Hoefs v. CACV of Colo., LLC, 365 F. Supp. 2d 69, 73–74 (D. Mass. 2005). The cardholder agreement attached as Exhibit A-1 includes in its definition of "Claims" those between the cardholder and CB&T's "assigns." (See Decl. of Ryan, Ex. A-1 at 7 (dkt. no. 50-2).)

2

The plaintiff does not attempt to contradict the defendant's showing of the formation and existence of an agreement to arbitrate. Rather, he raises evidentiary objections to the Court's consideration of Ryan's declarations and exhibits. His objections are without merit. Ryan is a qualified affiant whose declarations sufficiently authenticate the business records he has provided.[2] See Wallace Motor Sales, Inc. v. Am. Motors Sales Corp., 780 F.2d 1049, 1061 (1st Cir. 1985) (citations omitted); see also Schwartz v. CACH, LLC, No. 13-12644-FDS, 2014 WL 298107, at *2 n.2 (D. Mass. Jan. 27, 2014) (denying motion to strike affidavit and finding affiant "appear[ed] competent to testify about . . . business records and . . . record-keeping methods based on his asserted custodial responsibilities and personal knowledge"). Accordingly, Hays's Motions to Strike (dkt. nos. 53, 65) are DENIED.

In sum, the defendant has established without contradiction the existence of a valid cardholder agreement, which states the agreement to arbitrate in "clear and unmistakable terms." See Joule v. Simmons, 944 N.E.2d 143, 146 n.5 (Mass. 2011). Therefore, Jefferson Capital's Motion to Compel Arbitration (dkt. no. 49) is GRANTED. This case will be stayed and administratively closed while the parties pursue arbitration. The parties shall notify the Court when the arbitration has been concluded and indicate whether either party seeks any further relief.

It is SO ORDERED.

  /s/ George A. O'Toole, Jr.
United States District Judge

---

[2] I also note that the Court's consideration of the defendant's supplemental submissions does not prejudice the plaintiff. The plaintiff has had the opportunity to fully brief two motions to strike and was granted leave to file a sur-reply to the defendant's motion to compel arbitration.